## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| Steven Bivens, on behalf of himself and all persons similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | NO.  1:15-cv-4325-ELR-JKL |
| Select Portfolio Servicing, Inc., | ) ) | |
| Defendant. | ) ) ) | |

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO HIS OBJECTIONS TO THE FINAL REPORT AND RECOMMENDATION

COMES NOW Plaintiff and hereby Replies to Defendant's Response to his Objections to the Final Report And Recommendation as set forth below.

RESPA's requirements for requests for information related to the servicing of a loan are straightforward:

> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, . . .
> the servicer shall . . . provide the borrower with . . .
> information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer.

12 U.S.C. § 2605(e).

In this case the issue of actual damages could not be more simple – the account information Plaintiff requested was not sent by Defendant in response to Plaintiff's QWR, and Plaintiff incurred costs in sending follow-up requests for the information that had not been sent.   The causal connection between the RESPA violation and the damages could not be more clear.   As the Report correctly noted:   "Courts have held that costs such as photocopying and postage, incurred after a plaintiff receives an insufficient or incomplete response to a QWR, are actionable under RESPA."   Report on p. 26.

But, the Report's statement is not strong enough; it is more accurate to say that courts have **unanimously** held that such costs are actual damages under RESPA.   Here are citations to five of the most recent from within the Eleventh Circuit:

1. *Walker v. Branch Banking & Tr. Co*., 237 F. Supp. 3d 1326, 1334 (S.D. Fla. 2017);
2. *Martinez v. Shellpoint Mortg. Servicing*, 2016 WL 6600437, at *3 (S.D. Fla. Nov. 8, 2016);
3. *Rodriguez v. Seterus, Inc.*, 2015 WL 5677182, at *2–3 (S.D. Fla. Sept. 28, 2015);
4. *O'Brien v. Seterus, Inc.*, No. 9:15-CV-80300, 2015 WL 4514512, at *3 (S.D. Fla. July 24, 2015); and
5. *Russell v. Nationstar Mortg., LLC*, No. 4-61977-CIV, 2015 WL 541893, at *2 (S.D. Fla. Feb. 10, 2015).

This is the point at which the Report should have concluded that Mr. Bivens' costs for sending follow-up requests constituted actual damages under RESPA and should have denied SPS's Motion For Summary Judgment – just as every other court has done so far.  Instead, the Report created exceptions to RESPA that this Court should not allow.

Defendant seeks to have this Court affirm four exceptions to RESPA requirements that it distills from the Report:

> 1. The damages Plaintiff alleges he incurred more than eight months after SPS's response were too remote from the response to be causally connected;
> 2. Plaintiff sent his request for his payment history only to see what information SPS had in its possession;
> 3. Plaintiff merely has a speculative suspicion that there is an error in his account; and
> 4. Plaintiff cannot show that he might be damaged by a misapplied payment or erroneous charge when the evidence reflects he has not paid and has no intention of paying his loan.

Response at pp. 3,4.  Like the Report, Defendant's Response does not cite any statute, any regulation, or any caselaw to support these exceptions.  And, Defendant simply ignored all of the above-cited cases that held that the costs of sending follow-up requests for unsent information are actual damages.

Instead, SPS first tries to promote the eight month "remoteness" standard created in this Report out of thin air.  RESPA has no such standard.  Although RESPA does not have any time limit by when a follow-up request for

3

information must be sent, it does have a time-limit that is most instructive here: An "information request" is "untimely" if it "is delivered to a servicer more than one year after" the servicing had been transferred to a different servicer. 12 CFR §1024.36(f)(1)(v). Because the regulation specifies that an information request received by a **former** servicer is timely if it is received within **one year** after that servicing was terminated, it is simply not possible that a follow-up request for information delivered to the same servicer only **eight months** after an inadequate response is untimely.

The remaining three exceptions all hold that Mr. Bivens' motives were not proper enough or were not pure enough, but RESPA does not make a servicer's compliance dependent on a borrower's motives.[1]   RESPA simply requires that servicers provide information related to servicing when a borrower requests it.  RESPA no more asks why Mr. Bivens wanted information than it asks why SPS so egregiously failed to send it.  It is especially important to remember that, as the Eleventh Circuit has held, RESPA is a consumer protection statute and is to be liberally construed in favor of the borrower. McLean v. GMAC Mortgage Corp., 398 F. App'x 467, 471 (11th Cir. 2010). The Report and Defendant's Response turn this principle on its head and try to

---

[1] Plaintiff disagrees with the Report's and the Response's characterization of his motives, but he will not argue that here because his motives are irrelevant.

make RESPA a servicer protection statute as the Report creates these new exceptions in favor of the servicer.

Accordingly, this Court should not make new law by creating new exceptions to RESPA, but should hold, just as all of the other courts have held, that Plaintiff has incurred actual damages under RESPA, and that Defendant's Motion For Summary Judgment must be denied.


DATED this 10th day of January, 2018.

Respectfully submitted,

s/Wayne Charles

Wayne Charles
  Georgia State Bar No. 515244

Wayne Charles, PC
395 Highgrove Dr.
Fayetteville, Georgia 30215
(770) 241-8936
(770) 460-0412 (fax)

Attorney for Plaintiff

## TYPE AND FONT CERTIFICATION

The undersigned certifies that this brief complies with Local Rule 5.1(B) regarding typefaces and fonts.

s/ Wayne Charles
Wayne Charles

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2018, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which will send a notice to the counsel of record listed below:

Elizabeth J. Campbell
Alexandra M. Dishun
Locke Lord LLP
Terminus 200, Suite 1200
3333 Piedmont Rd. NE
Atlanta, GA  30305
Counsel for Select Portfolio Servicing

DATED this 10th day of January, 2018.

s/Wayne Charles
Wayne Charles